{¶ 35} The majority holds that the lower court erred in granting summary judgment in Breckenridge's favor because a material issue of fact requires resolution regarding whether Guest made her report in good faith. For the following reasons, I respectfully dissent.
 {¶ 36} It is clear that Straus believed Guest had harassed her in the past and, in Straus' view, this alleged harassment demonstrated a personal motive to sabotage her employment. However, the evidence Straus offered in support of her assertion provides no clear basis to justify her allegation. The exchanges between Straus and Guest are explicitly premised upon the care of the patients within both parties charge. Straus offers no specific evidence of any supervening hostility or animosity.[5] Without more, Straus fails to demonstrate that Guest's conduct was motivated by anything other than a specific concern for well-being of the residents for whom both parties cared.
 {¶ 37} Moreover, in her affidavit, Guest testified that her communication was a function of her observations and her recognition of Breckenridge's policies and procedures regarding theft.[6] Through her affidavit, Guest averred that she was acting in good faith when she communicated the alleged theft.
 {¶ 38} Observing the evidence in its entirety, I believe that, although her timing may have been inconsiderate, the substance of Guest's inquiries were directly relevant to her duties during her shift. The evidence indicates that the "harassment" of which Straus complained was, at worst, a subjective annoyance and does not demonstrate that Guest's communication regarding the alleged theft was premised upon a lack of good faith. In fact, in her deposition, Straus suggests that the behavior which she labels harassing was somewhat circumspect within the limited context of the parties occupational duties.[7] Thus, in my estimation, Straus has failed to demonstrate a material issue of fact regarding Guest's good faith in reporting her allegations to Breckenridge; by implication, Guest's report to Breckenridge was qualifiedly privileged.
 {¶ 39} As Guest's statement was qualifiedly privileged, Straus was legally bound to demonstrate actual malice to survive summary judgment. However, Guest relied upon the same pattern of alleged harassment to meet the heightened burden of showing actual malice. Relying on Guest's conduct alone, Straus cannot demonstrate that Guest published her allegations with knowledge that the statements were false or with reckless disregard to the truth. Therefore, Straus has failed to show a genuine issue of material fact as to whether Guest exhibited actual malice in reporting her observations regarding the alleged theft.
 {¶ 40} In sum, I would hold that Straus failed to create a material issue of fact on the issue of Guest's good faith. Moreover, although Straus made allegations of past harassment, we cannot glean, from her allegations, any objective indicia of ill-will, spite, grudge, or some ulterior motive that would permit an inference of actual malice. Hahn v. Kotten (1975),43 Ohio St.2d 237, 248. Accordingly, I would overrule appellant's assignment of error and affirm the judgment of the lower court.
[5] In fact, although the parties had verbal exchanges on several occasions, Straus stated that Guest neither threatened her, shouted at her, nor called her any names.
[6] As indicated above, Section D-11 of the OPRS Employee Handbook requires an employee with knowledge of a theft from a resident or the nursing home to report said theft of fact the possibility of immediate termination.
[7] The following exchange, which occurred during Straus' deposition, is germane to Straus' claim that Guest was harassing her:
"Q: How do you know she wasn't asking you [about the residents in your care] because she felt she would get the best answers from you?
"A: There was a — there was sarcasm in her voice a lot when she would ask me questions.
"Q: Weren't you the best person to ask?
"A: For my residents, yes.
"Q: Okay. You were the one that knew them the best; weren't you?
"A: Yes."